S. Peter Ludwig (SL-1936)
James E. Hanft (JEH-9230)
DARBY & DARBY, P.C.
805 Third Avenue
New York, NY 10022-7513
Tel: (212) 527-7700
Fax: (212) 527-7701

Attorneys for Plaintiff
Great American Tool Company, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| GREAT AMERICAN TOOL COMPANY, INC. | : | Civil Action No.: 07CV2905(KMK) |
| a New York Corporation, | : |  |
|  | : |  |
| *Plaintiff,* | : |  |
|  | : | **FIRST AMENDED COMPLAINT** |
| v. | : |  |
|  | : |  |
| COLUMBIA RIVER KNIFE AND TOOL CO., | : | **JURY TRIAL DEMANDED** |
| an Oregon Corporation, | : |  |
|  | : |  |
| *Defendant.* | : | **ECF CASE** |
|  | : |  |

------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Plaintiff Great American Tool Company, Inc. ("GATCO") complains against Defendant

Columbia River Knife and Tool Co. ("CRKT") as follows:

**NATURE OF THIS ACTION**

1.    Plaintiff Great American Tool Company, Inc. brings this action for patent

infringement and for a declaratory judgment of non-infringement and invalidity under the Patent

Laws of the United States, 35 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2.    This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code) and the Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendant CRKT pursuant to CPLR § 302(a) of the New York State Long-Arm Statute and the U.S. Constitution because Defendant is contracting to supply goods in the State of New York and within this judicial district, and otherwise purposefully avails itself of the benefits of this judicial district.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b).

## THE PARTIES

5.    Plaintiff GATCO is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 665 Hertel Avenue, Buffalo, New York 14207.

6.    Upon information and belief, Defendant CRKT is a corporation organized and existing under the laws of Oregon, having a place of business at 9720 S.W. Hillman Court, Suite 805, Wilsonville, OR 97070.

## FACTS COMMON TO ALL COUNTS

### *Plaintiff Great American Tool Company, Inc.'s Patent*

7.    On August 8, 2006, United States Patent No. 7,086,157 ("the '157 Patent") was duly and legally issued to Alney K. Vallotton, for an invention entitled "FOLDING KNIFE HAVING A BIASED BLADE."  A copy of the '157 Patent is attached hereto as Exhibit A.

8.      GATCO has been assigned the entire right, title, and interest in the '157 Patent, and is therefore the sole owner of the '157 Patent.

9.      GATCO sells a line of knives under the "Vallotton-Ochs Designed KickStart" branding (the "KickStart Knives"), the design of which is disclosed and claimed in the '157 Patent.

### Defendant Columbia River Knife and Tool Co.'s Infringement

10.     Upon information and belief, Defendant CRKT has been manufacturing, distributing, offering for sale, licensing, leasing, and/or selling knives having a biased blade in this District and throughout the United States.

### Columbia River Knife and Tool Co.'s Patent

11.     Upon information and belief, Defendant CRKT is the current assignee of U.S. Patent No. 6,834,432, entitled "Pocket Knife With Lock Design," issued on December 28, 2004 (the "'432 Patent," Exhibit B). The '432 Patent was originally assigned to Proceeding Corp., a Taiwan corporation ("Proceeding).

12.     GATCO provided Proceeding with the design of the KickStart Knives prior to the alleged invention of the subject matter of the '432 Patent.

13.     The subject matter and claims of the '432 Patent were derived from the work of the inventor of the '157 Patent.

14.     Defendant CRKT accused the KickStart Knife design of infringing the '432 Patent.

15.     Proceeding supplies GATCO with the KickStart Knives currently sold by GATCO in the United States. On information and belief, Proceeding was the assignee of the '432 Patent when the KickStart Knives currently being sold by GATCO in the United States

were supplied to GATCO. As a result, on information and belief, GATCO is a licensee under the '432 Patent for its current KickStart Knives.

16.     GATCO has made substantial preparations to make, use, sell and offer to sell KickStart Knives from a supplier other than Proceeding.

## COUNT I - INFRINGEMENT OF THE '157 PATENT

17.     GATCO repeats and realleges each of the allegations in paragraphs 1 through 16 as if fully set forth herein.

18.     Upon information and belief, CRKT has been and is now directly infringing one or more claims of the '157 Patent by manufacturing, using, selling, licensing, leasing, and/or offering for sale a folding knife having a biased blade without the authority of GATCO.

19.     Upon information and belief such knives having a biased blade are currently sold as the "OutBurst Folders," and were previously sold as the "OptiFast" line.

20.     Upon information and belief, Defendant CRKT has been and is now inducing others to infringe one or more of the claims of the '157 Patent through its sales and/or offering for sale of its "OutBurst Folders" and "OptiFast" line without the authority of GATCO.

21.     Upon information and belief, Defendant CRKT's infringement has been willful, wanton, and deliberate, and in knowing and flagrant disregard of GATCO's patent rights.

22.     GATCO has been and will continue to be damaged and harmed by CRKT's infringement.

23.     GATCO has been and will continue to be irreparably harmed unless CRKT's infringing activities are enjoined.

24.     GATCO has no adequate remedy at law.

## COUNT II - NON-INFRINGEMENT AND INVALIDITY OF THE '157 PATENT

25.    GATCO repeats and realleges each of the allegations in paragraphs 1 through 24 as if fully set forth herein.

26.    GATCO has not and does not infringe the '432 Patent.

27.    Upon information and belief, Defendant CRKT's allegations of infringement of the '157 Patent by the Kickstart Knives invalidates the '432 Patent.

28.    The '432 Patent is invalid for failing to meet the requirements of 35 U.S.C. §§ 102 and 103.

### PRAYER FOR RELIEF

GATCO respectfully prays that:

A.    Judgment be entered for GATCO.

B.    This Court declare that Defendant CRKT has infringed the '157 Patent.

C.    This Court preliminarily and permanently enjoin Defendant CRKT, its officers, agents, servants, employees, attorneys, and those persons acting for, with, by, under, in privity with, in active concert with, and in participation with any one of them, from manufacturing, using, selling, licensing, importing, exporting and/or offering for sale the knives having a biased blade or any product which infringes the '157 Patent, and from inducing or contributing to the infringement of the '157 Patent.

D.    Defendant CRKT be ordered to send written notification to its dealers, distributors, retailers, and customers for the accused product(s) of its infringing activities, advising of the entry of the injunction and order set forth above, and requiring that the infringing devices still in inventory be returned to Defendant CRKT and that all infringing activities cease.

E.    This Court require Defendant CRKT to account for and pay over to GATCO all damages sustained by GATCO including, but not limited to, a reasonable royalty and/or lost

profits due by reason of its infringement, such reasonable royalty and/or lost profits to be based on lost sales.

F.    This Court award GATCO treble damages under 35 U.S.C. § 284 as a result of Defendant CRKT's willful patent infringement.

G.    This Court declare this case to be exceptional under 35 U.S.C. § 285 and award GATCO its attorneys' fees.

H.    Defendant CRKT be required to pay to GATCO all of its costs and disbursements in this action.

I.    This Court declare that the KickStart Knives do not infringe the '432 Patent.

J.    This Court declare that the '432 Patent is invalid.

K.    This Court declare that GATCO is entitled to such other and further relief as the Court may deem just, proper, and appropriate.


Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable of right, or operation of law, by jury.

Respectfully Submitted,
DARBY & DARBY, P.C.

Dated: May 18, 2007                    By:_____

S. Peter Ludwig (SL-1936)
James E. Hanft (JEH-9230)
805 Third Avenue 26th Floor
New York, NY 10022-7513
Tel: (212) 527-7700
Fax: (212) 527-7701

*Attorneys for Plaintiff:*
Great American Tool Company, Inc.