# MILLER KORZENIK SOMMERS LLP
488 MADISON AVENUE • NEW YORK, NEW YORK 10022-5702
TEL 212.752.9200 • FAX 212.688.3996 • WWW.MKSLEX.COM

June 28, 2007



LOUISE SOMMERS
DIR TEL 212.750.0005

VIA HAND DELIVERY
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street Room 920
New York, NY 10007

Re: Request for Extension of Time and Pre-Motion Conference on Motion to Dismiss or Transfer *Great Am. Tool Co. v. Columbia River Knife and Tool Co.*, No. 07-CV-2905

Dear Judge Karas:

We are local counsel for Defendant Columbia River Knife and Tool Co. ("CRKT"). In accordance with this Court's Individual Practices, 2.A Pre-Motion Conferences in Civil Cases, CRKT hereby submits the following letter and request for a pre-motion conference and an extension of time to accommodate holding that conference prior to the deadline to respond to the First Amended Complaint.

## I. BRIEF PROCEDURAL POSTURE

The deadline to respond to the First Amended Complaint in this action was extended by an agreed motion and order to today, June 28, 2007. In conjunction with that agreed motion for an extension of time, the parties agreed to a litigation standstill through and including today in order to explore the possibility of settlement. Accordingly, CRKT was constrained to file this request for a pre-motion conference on the deadline for responding to the First Amended Complaint. If this letter is not itself deemed a timely response to the First Amended Complaint, CRKT respectfully requests that a further extension of time to respond to the First Amended Complaint be granted under F.R.Civ.P. 6(b) until one day after the Court holds the pre-motion conference requested herein. This will allow CRKT time to file its proposed motion or other response to the First Amended Complaint with the benefit of the Court's guidance from the pre-motion conference. In an excess of caution, counsel for CRKT requested Plaintiff Great American Tool Company, Inc.'s ("GATCO") counsel to consent to such extension. GATCO agreed only to extend the deadline until "the shorter of a day after the premotion conference or one week from [June 28]." That agreement does not solve the problem as it does not necessarily allow CRKT to timely file its motion to dismiss—which cannot be done under this Court's rules prior to the pre-motion conference. Accordingly, CRKT respectfully requests an extension of time to respond to the First Amended Complaint until one day after the Court holds the pre-motion conference requested herein, if the submission of this letter alone does not accomplish that result.

CRKT intends to move for an order dismissing and/or transferring each and every claim in this case on the following grounds:

## II.    BASES FOR MOTION

GATCO and CRKT are competitors in the knife industry. The subject matter of this litigation, pending in two federal districts, relates to cross allegations of infringement of two patents, one owned by CRKT and one purportedly owned by GATCO. GATCO purports to be a New York corporation with its principal place of business in Buffalo, New York. GATCO did not file this case in its home forum. Nor did it file in Oregon, where CRKT is located. Nor did GATCO file this case where the evidence is primarily located or where witnesses named as inventors on the asserted patents are located. Instead, GATCO filed this case in this busy District where GATCO's lawyers have their office.

### A.    Venue Is Wrong In This District Due to GATCO's Declaratory Judgment Claim Added In The First Amended Complaint

When GATCO filed its First Amended Complaint, it added a cause of action under the Declaratory Judgment Act alleging that CRKT's patent is invalid and not infringed by GATCO. (*See* First Am. Compl. ¶¶ 2, 25-28.) By doing so, GATCO made venue wrong in this Court.

GATCO must establish that venue lies in this District for both causes of action in the First Amended Complaint. *See U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001). For venue to be proper in this District, CRKT must "reside" in this District for purposes of GATCO's declaratory judgment claim. CRKT does not reside here for purposes of this venue analysis, nor is there an alternative basis for venue available under 28 U.S.C. § 1391(b). Accordingly, GATCO's First Amended Complaint must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).

### B.    Alternatively, Convenience Militates in Favor Of A Transfer

Even if the Court found venue was permitted in this District, a discretionary transfer of this entire case would be appropriate. *See* 28 U.S.C. § 1404(a). Plaintiff's decision to file outside of its home court in the Western District of New York is entitled to no weight. The only connection this case has to this District is that GATCO's lawyers have an office here. That, of course, is no reason to keep this case here when virtually all permissible considerations of convenience and the interests of justice point to another forum—such as Oregon where CRKT's claim patent infringement claim against GATCO is already pending and was filed prior to GATCO's mirror image declaratory judgment claim for non-infringement and invalidity in this District.

### C.    The First to File Rule Further Supports Dismissing GATCO's Later Filed Declaratory Judgment Claim That Mirrors CRKT's Oregon Complaint

Unlike GATCO's choice of forum, CRKT's decision to file its patent infringement case in its home court is entitled to deference. Because CRKT filed its case before GATCO attempted to amend its complaint to add a mirror image claim in this district, CRKT's first filed action should be allowed to proceed as a matter of federal comity. *See Genentech, Inc. v. Eli Lilly and Co.*,

Honorable Kenneth M. Karas  3  June 28, 2007

998 F.2d 931, 937 (Fed. Cir. 1993) (general rule favors first-filed case), *abrogated in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). Possible exceptions to the first filed rule are similar to the considerations related to a motion to transfer under § 1404(a). So, here, those "exceptions" further support application of the first filed rule to dismiss GATCO's declaratory judgment claim.

### D. The Court Lacks, Or Should Decline To Exercise, Declaratory Judgment Jurisdiction

The Declaratory Judgment Act was meant to provide a remedy for those threatened with litigation not brought. Once an affirmative claim for relief is filed, a mirror image declaratory judgment action serves no purpose. That is the case here for GATCO's declaratory judgment allegations filed in this Court, which were filed *after* CRKT's claim asserting infringement of its patent in Oregon. This Court should simply decline jurisdiction over GATCO's declaratory judgment claim. *Wilton*, 515 U.S. at 289 (district courts have a "unique breadth of . . . discretion to decline to enter a declaratory judgment.").

### E. GATCO's Purported "Amended" Complaint Impermissibly Adds "Supplemental" Allegations Without Leave of Court

Federal Rule of Civil Procedure 15(d) is the mechanism for adding allegations related to events occurring since the filing of the original pleadings. Unlike Rule 15(a), which allows a party an opportunity to amend a pleading without leave of court, Rule 15(d) has no such procedure and requires that the court grant leave to supplement the pleadings. GATCO's declaratory judgment claim arose, if at all, entirely on the basis of events occurring since this case was filed. As such, GATCO had no basis to attempt to add that claim without leave of court. GATCO's declaratory judgment claim should therefore be dismissed without prejudice as procedurally improper.

### III. CONCLUSION

CRKT respectfully requests that the Court schedule the requisite pre-motion conference and allow CRKT leave to file the motion described herein.

CRKT additionally requests that principal trial counsel located in Portland, Oregon—not yet admitted *pro hac vice*—be allowed to participate by telephone in the pre-motion conference. For scheduling purposes, counsel for CRKT is not available on July 5 or 6 due to vacations.

Respectfully Submitted,

Louise Sommers

cc: S. Peter Ludwig, Esq.,
James Hanft, Esq.,
Darby & Darby, PC, Attorneys for Plaintiff (By Hand)

*[Handwritten note:]* The Court will hold a pre-motion conference on September 26, 2007, at 10:00 AM. Defendant's time to answer is extended until that conference.

SO ORDERED
KENNETH M. KARAS USDJ
7/10/07

**DARBY & DARBY**
PROFESSIONAL CORPORATION

INTELLECTUAL PROPERTY LAW

NEW YORK
7 WORLD TRADE CENTER
250 GREENWICH STREET
NEW YORK, NY 10007-0042
TEL 212.527.7700
FAX 212.527.7701
www.darbylaw.com

NEW YORK
SEATTLE
WASHINGTON, D.C.
FRANKFURT

July 3, 2007

Reference:   00804/8202681-000

**JAMES HANFT**
PRINCIPAL
212.527.7616
jhanft@darbylaw.com

**VIA HAND DELIVERY**

Hon. Kenneth M. Karas
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007

Re:   **Great American Tool Company Inc. v. Columbia River Knife and Tool Co.**
      **07CV2905(KMK) - ECF**

Dear Judge Karas:

We represent plaintiff The Great American Tool Company Inc. ("GATCO"), and submit this letter in response to the June 28, 2007 letter by Defendant Columbia River Knife and Tool Company ("CRKT") requesting a pre-motion conference and an extension of time to respond to the First Amended Complaint.

## BACKGROUND

The following chart provides the dates for relevant events to the potential motion at issue:

| Date | Event |
| --- | --- |
| July 31, 2002 | GATCO applies for U.S. Patent No. 7,086,157 ("'157 Patent") for an assisted opening knife, invented by Alney Vallotton. |
| Mid-2002 | GATCO asks Proceeding Corp. (from Taiwan) to manufacture the GATCO knife disclosed in the '157 patent. |
| Late 2002 | GATCO makes minor modification to the knife design. |
| Early 2003 | GATCO discloses modified knife design to Proceeding Corp. |
| July 28, 2003 | Proceeding Corp. applies for U.S. Patent No. 6,834,432 ("'432 Patent") claiming substantial portions of GATCO's modified knife design, *without GATCO's knowledge or consent*. |
| Dec. 28, 2004 | '432 Patent issues to Proceeding Corp. |
| Aug. 8, 2006 | '157 Patent issues to GATCO. |
| Late 2007 | CRKT offers GATCO modified knife design (manufactured and supplied by Proceeding Corp.) for sale. |
| April 10, 2007 | GATCO files Complaint and sends a cease and desist letter to CRKT. |
| May 17, 2007 | CRKT informs GATCO that it obtained '432 Patent from Proceeding Corp. and files suit against GATCO in Oregon. |
| May 18, 2007 | GATCO files the First Amended Complaint, adding declaratory judgment claims for derivation of the '432 Patent from GATCO. |
| May 25, 2007 | GATCO serves First Amended Complaint on CRKT. |
| June 28, 2007 | CRKT serves Oregon Complaint on GATCO. |

DARBY &
DARBY

Hon. Kenneth M. Karas
July 3, 2007
Page 2

## ARGUMENT

### A. Venue Is Proper For GATCO's Declaratory Judgment Claim

For purposes of venue, "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may…be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state…" 28 U.S.C. § 1391(b). In addition, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, venue is proper if CRKT is subject to personal jurisdiction in this district.

CRKT has not challenged personal jurisdiction in its letter to the Court, and is subject to personal jurisdiction for GATCO's Declaratory Judgment Claim by nature of its allegations of infringement against New York resident GATCO, its acquisition of the '432 patent, and the filing and continuation of the Oregon suit despite knowledge of the invalidity and unenforceability of the '432 Patent. These activities constitute tortious acts carried out outside New York that caused injury to GATCO in New York. *See* N.Y.C.P.L.R. § 302 (providing jurisdiction for tortious acts outside of state causing injury in the state). Therefore, the Court should not permit the motion challenging jurisdiction in New York.

### B. Change of Venue Out Of This District Is Inappropriate

CRKT cannot meet the standards for transfer out of this jurisdiction. This is the first-filed and first served action for GATCO's infringement assertions. The forum was chosen by GATCO, a New York Corporation, that is entitled to the protection of New York law. Plaintiff's witnesses will be produced in this district, with the only other significant third party witnesses coming from Georgia and Taiwan. The practical considerations relative to trial in this district are significant, given that Plaintiff's attorneys are located in this district, the ease of access to this district (travel connections are better in New York City than in Portland, Oregon), and Plaintiff's choice of forum.

CRKT provided no reason why change of venue would be appropriate, other than conclusory statements about convenience and interests of justice, and CRKT's Oregon suit. This is insufficient justification for a motion to change venue.

### C. The Court Has Declaratory Judgment Jurisdiction

CRKT asserts that the Court should exercise its discretion, or apply the "first to file" rule, by dismissing GATCO's declaratory judgment claims because CRKT filed its action in Oregon first. However, the interrelated nature of the two causes of action requires them to be tried together, and provides the basis for jurisdiction over both causes of action.

The underlying facts relating to GATCO's '157 Patent and the Proceeding Corp./CRKT '432 Patent are inextricably intertwined. Proceeding misappropriated the GATCO invention, secured the '432 Patent for that invention, committed inequitable by failing to disclose GATCO's prior

**DARBY & DARBY**

Hon. Kenneth M. Karas
July 3, 2007
Page 3

invention to the USPTO, sold the infringing knives to CRKT and then transferred the '432 Patent to CRKT so that CRKT could assert the patent against GATCO as a counterclaim.

Moreover, as a matter of fairness and judicial efficiency, the Court should not separate these two interrelated causes of action. *See Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, *unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.*" (emphasis added)). Consequently, the Court should not permit the motion requesting the Court to exercise its discretion to deny declaratory judgment jurisdiction.

### D.   GATCO's Amended Complaint Does Not Impermissibly Add Supplemental Allegations Without Leave Of Court.

GATCO's amendment of the Complaint to add declaratory judgment allegations is appropriate. Fed. R. Civ. P. 15(d) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Here, GATCO amended its Complaint to add the declaratory judgment allegations for non-infringement and invalidity of the '432 Patent before the original Complaint was served on CRKT. Thus, the amendment is permissible.

CRKT asserts that the acts complained of occurred after the filing of the original Complaint, and thus required the Court's permission to supplement under Fed. R. Civ. P. 15(d). CRKT is mistaken about the acts that provide declaratory judgment jurisdiction. The '432 Patent was fraudulently derived from GATCO in 2003. This provides sufficient basis *before the filing of GATCO's original suit* to bring the action for a declaratory judgment.

### CONCLUSION

GATCO respectfully requests that the Court deny CRKT leave to file a motion as requested, and require CRKT to immediately answer the First Amended Complaint.

Sincerely,

*James Hanft*

James Hanft

cc:   Louise Sommers, Esq. (local counsel for CRKT)
      John D. Vandenberg, Esq (counsel for CRKT)

# MILLER KORZENIK SOMMERS LLP

488 MADISON AVENUE • NEW YORK, NEW YORK 10022-5702
TEL 212.752.9200 • FAX 212.688.3996 • WWW.MKSLEX.COM

July 6, 2007

VIA HAND DELIVERY
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street Room 920
New York, NY 10007

Email LSOMMERS@MKSLEX.COM

**Re:** Request for Extension of Time and Pre-Motion Conference on Motion to Dismiss or Transfer *Great Am. Tool Co. v. Columbia River Knife and Tool Co.*, No. 07-CV-2905

Dear Judge Karas:

On behalf of Defendant Columbia River Knife and Tool Co. ("CRKT"), this letter is a reply to Plaintiff GATCO's July 3, 2007, letter to the Court.

The parties clearly disagree on the merits of this suit and Defendant CRKT reserves all objections to Plaintiff GATCO's characterization of the facts and issues in its letter dated July 3, 2007. CRKT's proposed motion to dismiss or transfer, however, deals with procedural issues rather than the substantive merits.

On the procedural issues CRKT will raise in its motion, GATCO's letter shows how GATCO procedurally erred when it filed its First Amended Complaint in this Court:

1. Venue is not proper and GATCO's venue analysis is flawed. Even if GATCO had recited the correct and relevant facts for purposes of analyzing venue, its analysis is wrong. The question is not whether CRKT would be subject to personal jurisdiction in the State of New York for purposes of GATCO's declaratory judgment claim, but whether CRKT would be subject to personal jurisdiction in this District if this District "were a separate State." See 28 U.S.C. 1391(c).

2. This venue is inconvenient. Again, GATCO's analysis reveals the procedural flaws in GATCO's position. GATCO identified nothing connecting the issues in dispute to this District. Instead of asserting evidence or witnesses are here, GATCO says only that its witnesses "will be produced in this district"--implicitly admitting those witnesses do not reside here. Clearly, another venue must be available and more convenient. It is. That venue is Oregon.

3. The Court should decline discretionary declaratory judgment jurisdiction. GATCO asserts that its original claim alleging infringement of the '157 Patent is "inextricably intertwined" with the '432 Patent CRKT asserts against GATCO in Oregon. GATCO failed to identify any fact relating the two separate patents, which were owned at all times by different parties, to each

other. The fact is that whether each patent is valid and infringed by the other party is a separate and distinct inquiry for each patent.

4.    GATCO's supplemental pleading is impermissible. Tellingly, GATCO quotes the wrong rule in an attempt to justify its supplemental pleading (labeled and filed as the "First Amended Complaint"). Fed. R. Civ. P. 15(d) does not provide as GATCO contends. It requires leave to add supplemental allegations, which leave GATCO did not request. GATCO apparently further contends that its declaratory judgment claim against CRKT on the '432 Patent arose before the filing of its original Complaint on April 10, 2007. That cannot be correct since CRKT did not own or have any interest in the '432 Patent on or before April 10, 2007. Moreover, the supposed basis giving rise to that claim--that "[t]he '432 Patent was fraudulently derived from GATCO in 2003"--is not a claim asserted in the First Amended Complaint.

CRKT respectfully reiterates its request for leave to file its motion to dismiss or transfer this case. GATCO has offered no meritorious basis to oppose that motion--certainly not without CRKT first being fully heard on the motion papers. Since GATCO has not addressed CRKT's request for an extension to respond to the First Amended Complaint, that request should be granted.

                                                                                  Respectfully Submitted,

                                                                                  Louise Sommers

cc:    S. Peter Ludwig, Esq.,
        James Hanft, Esq.,
        Darby & Darby, PC, Attorneys for Plaintiff (By Hand)