Louise Sommers (LS2707)
MILLER KORZENIK SOMMERS LLP
488 Madison Avenue 11th Floor
New York, NY 10022-5702
212-752-9200

Scott E. Davis, *pro hac vice*
John D. Vandenberg, *pro hac vice*
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
503-595-5300

Attorneys for Defendant GB II Corporation,
dba Columbia River Knife & Tool Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                                :
GREAT AMERICAN TOOL COMPANY, INC.,          :     Civil Action No:  07 CV 2905 (RJS)
a New York Corporation,                                     :
                                                                :
                                       Plaintiff,              :     **MEMORANDUM OF DEFENDANT
                                                                :     GB II CORP. (D/B/A COLUMBIA
                                                                :     RIVER KNIFE AND TOOL CO.) IN
                        - against -                           :     SUPPORT OF MOTION TO
                                                                :     DISMISS**
COLUMBIA RIVER KNIFE AND TOOL CO., an     :
Oregon Corporation,                                         :
                                                                :     **<u>ECF CASE</u>**
                                       Defendant.           :
----------------------------------------------------------------X

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..........................................................................................1

II.   BACKGROUND ............................................................................................1

III.  LEGAL STANDARDS ..................................................................................3

    A.    Venue Standards .................................................................................3

        1.    Where Patent Actions May be Brought .................................3

        2.    Where A Declaratory Judgment
              Action Related to a Patent May be Brought ..........................4

        3.    Convenience ...........................................................................5

        4.    First to File Rule ....................................................................7

    B.    Declaratory Judgment Subject Matter Jurisdiction............................7

    C.    Supplemental Vs. Amended Pleadings ..............................................7

IV.   VENUE IS NOT APPROPRIATE IN THIS DISTRICT ...............................8

    A.    Venue Is Wrong In This District For  GATCO's
          Later Filed Declaratory Judgment Claim..........................................8

    B.    Convenience Favors Oregon Over The Southern District Of New York ....................11

        1.    This Entire Action Could Have Been Brought In Oregon .................12

        2.    Convenience Of The Parties ................................................12

        3.    Convenience Of The Witnesses ...........................................12

        4.    Availability Of Process To Secure Attendance Of Witnesses ...........................13

        5.    Obtaining Willing Witnesses ...............................................13

        6.    Location Of The Evidence ....................................................14

        7.    GATCO's Choice Of Forum................................................14

        8.    Judicial Economy..................................................................15

9.    Cost of Litigation ...............................................................................15

10.   Interests of Justice ............................................................................15

V.    THE FIRST TO FILE RULE FAVORS DISMISSING
      GATCO'S DECLARATORY JUDGMENT COUNTERCLAIM .......................................16

VI.   THIS COURT SHOULD NOT EXERCISE
      JURISDICTION OVER GATCO'S DECLARATORY JUDGMENT
      COUNTERCLAIM ADDED IN THE FIRST AMENDED COMPLAINT........................17

VII.  GATCO's DECLARATORY JUDGMENT ALLEGATIONS
      AMOUNT TO AN IMPERMISSIBLE SUPPLEMENTAL PLEADING ...........................18

VIII. CONCLUSION...............................................................................................19

## TABLE OF AUTHORITIES

Page

**Cases**

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*,
    846 F.2d 731 (Fed. Cir. 1988)...................................................... 18

*Cain v. New York State Board of Elections*,
    630 F. Supp. 221 (E.D.N.Y. 1986) ............................................... 6

*Genentech, Inc. v. Eli Lilly and Co.*,
    998 F.2d 931 (Fed. Cir. 1993)....................................................... 7

*General Creation LLC v. Leapfrog Enters., Inc.*,
    192 F. Supp. 2d 503 (W.D. Va. 2002) ......................................... 15

*Hernandez v. Graebel Van Lines*,
    761 F. Supp. 983 (E.D.N.Y. 1991) ............................................... 14

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*,
    342 U.S. 180 (1952).................................................................... 16

*Lencco Racing Co., Inc. v. Arctco, Inc.*,
    953 F. Supp. 69 (W.D.N.Y. 1997) ........................................... 6, 15

*Multimin USA, Inc. v. Walco International, Inc.*,
    2006 WL 1046964 (E.D. Cal. 2006)............................................... 4

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Frasch*,
    751 F. Supp. 1075 (S.D.N.Y. 1990)............................................... 6

*Novak v. National Broadcasting Co., Inc.*,
    724 F. Supp. 141 (S.D.N.Y. 1989) .......................................... 7, 18

*Pacer Global Logistics, Inc. v. National Passenger R.R. Corp.*,,
    272 F. Supp. 2d 784 (E.D. Wis. 2003)........................................ 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ..................................................... 7, 16

*Quaratino v. Tiffany & Co.*,
    71 F.3d 58 (2d Cir. 1995).......................................................... 8, 19

*S.C. Johnson & Son, Inc. v. Gillette Co.*,
    571 F. Supp. 1185 (N.D. Ill. 1983) ........................................... 6, 14

*Serco Services Co., L.P.  v. Kelley Co., Inc.,*
    51 F.3d 1037 (Fed. Cir. 1995)..................................................................................... 7

*Shari's Berries Intern., Inc. v. Mansonhing,*
    2006 WL 2382263 (E.D. Cal. 2006)........................................................................ 5, 11

*Silent Drive, Inc. v. Strong Industries, Inc.*
    326 F.3d 1194 (Fed. Cir. 2003)........................................................................... 4, 9, 10

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.,*
    655 F.2d 938 (9th Cir. 1981) .................................................................................... 17

*Storage Technology Corp. v. Cisco Systems, Inc.,*
    329 F.3d 823 (Fed. Cir. 2003)..................................................................................... 5

*U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey,*
    162 F. Supp. 2d 173 (S.D.N.Y. 2001)................................................................... 5, 8, 11

*VE Holding Corp. v. Johnson Gas Appliance Co,.*
    917 F.2d 1574  (Fed. Cir. 1990).................................................................................. 4

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995)................................................................................................. 7

**Statutes**

28 U.S.C. § 1391............................................................................................... 4, 5, 8, 9

28 U.S.C. § 1400.................................................................................................. 3, 4, 8

28 U.S.C. § 1404.................................................................................................. passim

28 U.S.C. § 1406............................................................................................... 1, 5, 11

**Rules**

Fed. R. Civ. P. 12.................................................................................................... 1

Fed. R. Civ. P. 15.................................................................................................... 1

Fed. R. Civ. P. 45................................................................................................... 12

## I.    <u>INTRODUCTION</u>

This case belongs in Oregon because it primarily concerns a patent on an alleged Oregon invention supposedly infringed by an Oregon company.  Further, this case has no legitimate connection to this District.

Plaintiff Great American Tool Company, Inc. ("GATCO") purports to be a New York corporation with its principal place of business in Buffalo, New York.  GATCO did not file this patent case in its home forum.  Nor did it file in Oregon, where Defendant GB II Corp. d/b/a Columbia River Knife and Tool Co. ("CRKT") and the center of its alleged infringing activity are located.  Nor did GATCO file this case where the evidence is primarily located or where witnesses named as inventors on the asserted patents are located.  Instead, GATCO filed this case in this busy District where GATCO's lawyers have their office.  That this Court is conveniently located for GATCO's lawyers is entitled to no weight or deference.  Simply put, this is not a proper or convenient venue for the disputes between these parties.

Accordingly, CRKT moves to dismiss or transfer each and every claim in GATCO's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3), 15(d), 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a) and the first to file rule.  CRKT's motion is supported by its notice of motion, the following memorandum of points and authorities, the pleadings filed to date and the accompanying exhibits and declaration.

## II.    <u>BACKGROUND</u>

CRKT is the trade name for GB II Corporation, an Oregon Corporation.

CRKT and GATCO are competitors in the knife business.  Although GATCO is located in Buffalo, New York, it conducts business and sells knives throughout the United States.  For

1

example, GATCO offers knives for sale online, making its products available nationwide.[1] CRKT's products are available through a network of distributors and retailers, rather than for direct sale to consumers online.[2] CRKT's only places of business are in Oregon. (*See* Bremer Decl. ¶¶ 1-9.)

On April 10, 2007, GATCO filed a Complaint in this Court alleging infringement of U.S. Patent No. 7,086,157 ("the '157 Patent"), which is entitled "Folding Knife Having a Biased Blade" and issued on August 8, 2006. (*See* Compl. ¶ 7, Ex. A.) The patent applicant, Alney K. Vallotton, is identified on the '157 Patent as being from Oakland, Oregon. (*Id.* Ex. A.) On its face, the '157 Patent appears to be assigned to GATCO. (*Id.*)

Prior to service of GATCO's initial Complaint, CRKT filed a Complaint in the District of Oregon against GATCO on May 17, 2007, asserting infringement of U.S. Patent No. 6,834,432 ("the '432 Patent"), entitled "Pocket Knife with Lock Design." (*See* Bremer Decl. Ex. 1; First Am. Compl. Ex. B.) CRKT owns the '432 Patent. (Bremer Decl. ¶ 11; First Am. Compl. ¶ 11.) CRKT acquired all right, title and interest in the '432 Patent on May 15, 2007. (Bremer Decl. ¶ 11.) CRKT did not threaten to sue GATCO for infringement of the '432 Patent prior to May 17, 2007, the day CRKT filed its Oregon Complaint. (*Id.* ¶ 12.)

GATCO then filed its First Amended Complaint in this Court on May 18, 2007, adding Count II, a claim seeking a declaratory judgment of non-infringement and invalidity of CRKT's '432 Patent. (First Am. Compl. ¶¶ 25-28.) GATCO finally served both its initial and amended complaints on May 25, 2007.

---

[1]  *See, e.g.,* Ex. 1 hereto (available at *http://www.gatcosharpeners.com/product/tactical/kickstart.mgi? mgiToken= 26F8F20341FB198FC*).

[2]  *See* Ex. 2 hereto (available at *http://www.crkt.com/dealers_.html*).

Upon expiration of the parties' agreed litigation standstill on June 28, 2007 (*see* Dkt. No. 8), CRKT served its Oregon Complaint on GATCO.

The Court held a pre-motion conference on September 26, 2007, at which a briefing schedule for this motion was set.

The timeline below summarizes the salient events to date:



III.    **LEGAL STANDARDS**

    A.    **Venue Standards**

        1.    **Where Patent Actions May be Brought**

Venue for a patent infringement case is determined by a special venue provision:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400(b).

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a

> corporation is subject to personal jurisdiction at the time an action is
> commenced, such corporation shall be deemed to reside in any district in
> that State within which its contacts would be sufficient to subject it to
> personal jurisdiction if that district were a separate State, and, if there is no
> such district, the corporation shall be deemed to reside in the district
> within which it has the most significant contacts.

28 U.S.C. § 1391(c).

A corporate defendant "resides" in whatever district in which it is subject to personal jurisdiction for the claim in question, assuming for the venue analysis that the district is a separate state. *See* 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). The relevant "personal jurisdiction" analysis is controlled by Federal Circuit law for patent claims. *See, e.g., Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("Because the issue of personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law, personal jurisdiction over Count III is governed by the law of this circuit."). Personal jurisdiction can be general, based on "continuous and systematic contacts with the forum." *Id.* at 1200. Or personal jurisdiction can be specific, "based on activities that arise out of or relate to the cause of action." *Id.* (internal quotation marks omitted). The burden is on the plaintiff to make a *prima facie* showing of personal jurisdiction over the defendant, *see id.* at 1201, and to support venue such personal jurisdiction in the District where the case is filed must exist "at the time the action is commenced," *see* 28 U.S.C. § 1391(c).

### 2.     Where A Declaratory Judgment  Action Related to a Patent May be Brought

The venue statute applicable to patent infringement actions, 28 U.S.C. § 1400(b), is not applicable to a declaratory judgment action related to a patent. *VE Holding*, 917 F.2d at 1583 ("It has long been held that a declaratory judgment action alleging that a patent is invalid and not

infringed--the mirror image of a suit for patent infringement--is governed by the general venue statutes, not by § 1400(b)."). Venue for each cause of action must be established separately. *See Multimin USA, Inc. v. Walco Internation, Inc.*, 2006 WL 1046964, *2 (E.D. Cal. 2006) ("When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim."); *see also Shari's Berries Intern., Inc. v. Mansonhing*, 2006 WL 2382263, *4 (E.D. Cal. 2006) (transferring entire case under 28 U.S.C. § 1406(a) where "venue may be proper for Plaintiff's copyright claim under section 1400(a), but is improper for Plaintiff's other claims"); *U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).

Hence, venue for an infringement claim asserting one patent could be different than for a declaratory judgment claim directed to a second patent because only the general venue provision of 28 U.S.C. § 1391(b) applies to the declaratory judgment claim, and a corporate defendant could "reside" in the venue—*i.e.*, be subject to personal jurisdiction there—for purposes of one claim but not the other.

If venue is wrong, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### 3.    Convenience

Even if venue is proper, a court may transfer a case: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Regional Second Circuit law applies to this Court's ruling on CRKT's motion to transfer. *See Storage Technology Corp. v. Cisco Systems, Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003) ("In

reviewing a district court's decision regarding a motion to transfer under 28 U.S.C. § 1404(a),

this court applies the law of the appropriate regional circuit . . .").

"The threshold question is whether the action could have been brought in the transferee

forum in the first place." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Frasch*, 751 F. Supp.

1075, 1078-79 (S.D.N.Y. 1990).  Factors to be considered in determining whether transfer is

proper include

> (1) the convenience of the parties; (2) the convenience of material
> witnesses; (3) the availability of process to compel the presence of
> unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) the
> relative access to sources of proof; (6) where the events at issue took
> place; (7) the practical problems indicating where the case can be tried
> more expeditiously and inexpensively; and (8) the interests of justice
> in general.

*Id.* at 1079 (quoting *Cain v. New York State Board of Elections,* 630 F. Supp. 221, 226 (E.D.N.Y.

1986)).

As other District Courts in New York have recognized, the plaintiff's choice of forum in

patent infringement cases is entitled to little weight absent "a material relation to th[e] district."

*Lencco Racing Co., Inc. v. Arctco, Inc.*, 953 F. Supp. 69, 71-73 (W.D.N.Y. 1997) (transferring

case pursuant to 28 U.S.C. § 1404(a) despite the argument that "defendants have sold or offered

to sell the infringing product" in the district and noting that "Courts have found that the preferred

forum for an infringement claim is in the district where the alleged infringement occurred").

Additionally, where a patent owner elects to file suit in other than its home forum,

transfer to the district at the "center of the accused activity" is all the more appropriate.  *See S.C.*

*Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983) (transferring patent

infringement case pursuant to the general rule that "the preferred forum is that which is the

center of the accused activity" where "[v]irtually all of defendant's witnesses are to be found in

Boston," "many of the plaintiff's witnesses" were not in the district and "all documents relative

to the accused product can be found in Massachusetts" making "this district . . . a forum

unrelated to the heart of the instant lawsuit").

### 4.    First to File Rule

The federal comity doctrine of the "first to file" rule generally favors the first filed action,

subject to related issues of convenience.  *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d

93, 95-96 (9th Cir. 1982) (normally first-filed case of two identical cases is favored); *Genentech,*

*Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (general rule favors first-filed case),

*abrogated in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).

Exceptions to the first to file rule include convenience and availability of witnesses, absence of

jurisdiction, possibility of consolidation with related litigation, or considerations related to the

real party in interest.  *Genentech*, 998 F.2d at 938.

### B.    Declaratory Judgment Subject Matter Jurisdiction

In patent cases like this one, Federal Circuit law applies to this Court's subject matter

jurisdiction over and discretion to hear declaratory judgment claims for patent invalidity and

non-infringement.  *See Serco Services Co., L.P.  v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed.

Cir. 1995).  This Court has wide discretion to decide whether to exercise jurisdiction over a

declaratory judgment action.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (district courts

have a "unique breadth of . . . discretion to decline to enter a declaratory judgment").  There is no

absolute right to seek a declaratory judgment in a patent case.  *Serco*, 51 F.3d at 1039.

### C.    Supplemental Vs. Amended Pleadings

A party has a right in some instances to file an amended complaint.  *See* Fed. R. Civ. P.

15(a).  However, adding allegations related to events that occurred after filing of the original

complaint supplements, rather than amends, the pleadings under Rule 15(d). *See Novak v. National Broadcasting Co., Inc.*, 724 F. Supp. 141, 145 (S.D.N.Y. 1989) ("The motion to amend the complaint to include additional copyright claims involves events that happened after the Plaintiffs filed their original complaint. Accordingly, it is more appropriately brought as a motion to supplement the pleadings pursuant to Rule 15(d) . . ."). There is no right to supplement a complaint without leave of Court. *See* Fed. R. Civ. P. 15(d). Further, a supplemental pleading must relate to the same original subject. *See, e.g., Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (noting need for "the supplemental facts [to] connect [a supplemental pleading] to the original pleading").

## IV.    VENUE IS NOT APPROPRIATE IN THIS DISTRICT

While the venue provisions of 28 U.S.C. §§ 1391(c), 1400(b) read together potentially allow for venue in a patent case in a wide range of forums, allowing venue in this district would condone inappropriate forum shopping for GATCO's infringement claim against CRKT on the '157 Patent. Further, venue in this district is improper as to Count II, GATCO's declaratory judgment action related to CRKT's '432 Patent.

### A.    Venue Is Wrong In This District For GATCO's Later Filed Declaratory Judgment Claim

GATCO must establish that venue lies in this District for both causes of action in the First Amended Complaint. *See U.S. E.P.A. ex rel. McKeown v. Port Authority of New York and New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001). It cannot do so.

When GATCO filed its First Amended Complaint, it added Count II, a new cause of action under the Declaratory Judgment Act, alleging that CRKT's '432 Patent is invalid and not infringed by GATCO. (*See* First Am. Compl. ¶¶ 2, 25-28.) By doing so, GATCO made venue wrong in this Court.

Simply, GATCO's declaratory judgment claim has nothing to do with this Court or this District. GATCO is not located here. Neither CRKT nor the inventor of CRKT's '432 Patent is located here in this District. CRKT never threatened GATCO with an infringement suit in this District. Indeed, CRKT did not accuse GATCO of infringing the '432 Patent prior to the day CRKT actually sued GATCO in Oregon. (*See* Bremer Decl. ¶¶ 3-7, 12.)

Venue under the applicable general federal venue provision is determined by where CRKT "resides," and the analysis of whether CRKT "resides" here in this District depends upon whether this Court would have personal jurisdiction over CRKT for GATCO's declaratory judgment claim assuming that this District were a separate State.[3]  *See VE Holding*, 917 F.2d at 1583; 28 U.S.C. §§ 1391(b)(1), (c). On GATCO's declaratory judgment claim, Count II in the First Amended Complaint, there is no specific personal jurisdiction over CRKT in this District for purposes of the venue analysis because nothing giving rise to GATCO's declaratory judgment claim occurred here. *See* 28 U.S.C. § 1391(c); *Silent Drive*, 326 F.3d at 1200. Moreover, nothing supports general personal jurisdiction in this District over CRKT for purposes of analyzing venue. CRKT's contacts with the Southern District of New York are far from "continuous and systematic," *see Silent Drive*, 326 F.3d at 1200; they are instead insignificant (*see* Bremer Decl. ¶¶ 1-10).

GATCO suggested at the pre-motion conference on September 26, 2007, that letters between counsel and sales in this District support venue for Count II. Not so. Venue must lie in this District at the time this action was commenced. *See* 28 U.S.C. § 1391(c). When the original

_____

[3]  Because no events related to GATCO's declaratory judgment claim occurred in this District and no relevant property is situated here, the alternative venue provision of 28 U.S.C. § 1391(b)(2) is plainly inapplicable. As is 28 U.S.C. § 1391(b)(3) since GATCO could have filed its claims related to the '432 Patent in Oregon, where CRKT is located.

complaint was filed on April 10, 2007, CRKT did not own or have any interest in the '432 Patent. (*See* Bremer Decl. ¶ 11.) As such, no letters relating to the '432 Patent were sent to GATCO from or on behalf of CRKT on or before April 10, 2007. Similarly, no such letters were sent on or before May 18, 2007, the date on which GATCO filed the First Amended Complaint. No letters were sent to GATCO or its lawyers that could give rise to general or specific personal jurisdiction over CRKT in this District, assuming this District were a separate State, to support venue for Count II of the First Amended Complaint.

GATCO's allusion to sales in this District fares no better. CRKT's sales in this District are *de minimus*. (*See* Bremer Decl. ¶ 10.) Unlike GATCO, CRKT does not even operate an interactive website through which its products could be ordered in New York. (*Compare* Ex. 1 hereto to Ex. 2 hereto.) Such sales certainly would not support general personal jurisdiction in this District, assuming this District were a separate State, to establish venue for Count II of the First Amended Complaint. Moreover, the specific products sold by CRKT into this District are not relevant to Count II in any event. Count II relates to CRKT's claim that GATCO's products infringe the '432 Patent—not to any claim that CRKT's own products are covered by or infringe the '432 Patent. The few products CRKT sold into this District simply do not relate to Count II or the '432 Patent. Since neither CRKT's sales nor any of its other activities in this District "arise out of or relate to the cause of action" in Count II, *see Silent Drive*, 326 F.3d at 1200, there are no contacts sufficient to support specific personal jurisdiction in this District, assuming this District were a separate State, to support venue for Count II of the First Amended Complaint.

The only possible basis for declaratory judgment subject matter jurisdiction over Count II in the First Amended Complaint is that CRKT filed suit in Oregon on May 17, 2007, accusing GATCO of infringing the '432 Patent. The filing of that suit, however, in no way implicates this

District.  At best, filing the Oregon Complaint accusing GATCO of patent infringement was an activity directed at Buffalo, New York, where GATCO is located.  Merely filing suit in Oregon was not an activity relating to this District and could not support venue here.

Venue is wrong in this District for GATCO's cause of action for a declaratory judgment related to the '432 Patent.[4]  As such, this case should be dismissed or in the interests of justice be transferred to Oregon, where it could have been brought against CRKT since CRKT is based in Oregon.  *See* 28 U.S.C. § 1406(a).  Further, transfer to Oregon would allow for consolidation because CRKT's claim asserting infringement of the '432 Patent is already pending there.

### B.    Convenience Favors Oregon Over The Southern District Of New York

Even if the Court finds that venue lies in this District, this case should be transferred to a different District for convenience pursuant to 28 U.S.C. § 1404(a).

This forum has no significant connection to this litigation.  The only connection to this District worth noting is the fact that GATCO's lawyers reside here.  GATCO's place of business

---

[4]  The so-called doctrine of "pendent venue" provides no basis to allow GATCO's wrongly venued declaratory judgment claim to continue here.  "Pendent venue" requires that the claims "arise from the same nucleus of operative facts," *Pacer Global Logistics, Inc. v. National Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 791 (E.D. Wis. 2003), or that "the claims could be considered one cause of action with two grounds of relief," *McKeown*, 162 F. Supp. 2d at 183 (internal quotation marks omitted).  The validity and infringement of CRKT's '432 Patent cannot be said to arise from the same facts as the validity and infringement issues surrounding the separate and unrelated '157 Patent asserted by GATCO.  *I.e.*, whether CRKT's patent is valid and infringed arises from a different set of facts than whether GATCO's patent is valid and infringed.  Moreover, the two patents owned by different parties cannot possibly be "one cause of action with two grounds of relief," *id.*, as the relief sought in connection with each patent does not form alternative grounds of recovery on the same set of facts.  The section of the First Amended Complaint identifying "common" facts is not to the contrary.  (*See* First Am. Compl. ¶¶ 7-16.)  At best, common witnesses are identified, but that is not sufficient to support pendent venue.  *See Shari's Berries*, 2006 WL 2382263, *3 ("Although the operative facts of Plaintiff's claims overlap to some extent, '[t]he proofs necessary to adjudicate the[ ] ... claims are [ ] dissimilar.'  Thus, 'these claims are [not] so closely related that they justify adoption of a pendent venue theory.'" (citations omitted)).

is not here.  The center of CRKT's alleged infringement is not located here.  No alleged inventor is located here.  No important evidence related to invalidity or non-infringement is located here.  CRKT's place of business is not here.  Simply put, this forum has no connection to this litigation and this Court should not entertain this action.  If the Court finds venue lies here in this District, this case still should be transferred because other more convenient forums are available— namely, Oregon where CRKT's infringement claim against GATCO is pending.

### 1.    This Entire Action Could Have Been Brought In Oregon

CRKT is incorporated and has its principal place if business in Oregon.  (Bremer Decl. ¶¶ 1-4.)  Accordingly, venue for both GATCO's infringement claim related to the '157 Patent (Count I) and declaratory judgment claims on the '432 Patent (Count II) clearly could have been established in Oregon.

### 2.    Convenience Of The Parties

This factor favors Oregon over the Southern District of New York.  This District has no connection to either party.  Neither party has its principal place of business—or any place of business, apparently—here.

### 3.    Convenience Of The Witnesses

This factor clearly favors Oregon.  No likely witnesses are located in or near the Southern District of New York.  On the other hand, key witnesses are located in or believed to be in Oregon.

- CRKT officers are located in Oregon, who will testify to invalidity and non-infringement of the '157 Patent, among other things, (*see* Bremer Decl. ¶ 4);

- The person named as "inventor" on the '157 Patent asserted by GATCO is apparently located in Oregon, (First Am. Compl. Ex. A);

- Other key witnesses, including GATCO's President, are located outside of the Southern District of New York, (*id.* ¶ 5);

- The inventor of CRKT's '432 Patent is not in New York, (*id.* Ex. B); and

- GATCO alleges that the original assignee of CRKT's '432 Patent "supplied" it with knives CRKT accuses of infringing the '432 Patent, (*id.* ¶ 15), and that original assignee is in Taiwan—far closer to Oregon than New York, (*id.* Ex. B).

| Likely Witnesses | Location | Likely Subjects of Testimony |
|---|---|---|
| Alney K. Vallotton, applicant for '157 Patent asserted by GATCO | Oakland, OR | Invalidity; non-infringement; unenforceability of '157 Patent |
| William Taylor, inventor of CRKT's '432 Patent | Marietta, GA | Infringement and validity of the '432 Patent |
| Proceeding Corp., prior owner of '432 Patent | Taipei, Taiwan | Infringement and validity of the '432 Patent |
| Rod Bremer, CRKT President | Wilsonville, OR | Infringement and validity issues |
| John Anthon, GATCO President | Buffalo, NY | Infringement and validity issues |

(*See* Bremer Decl. ¶ 14.)

At the very least, the location of the likely witnesses in this litigation does not point to this District as an appropriate or convenient forum for this dispute.

### 4.    Availability Of Process To Secure Attendance Of Witnesses

In Oregon, at least one third party witness, Mr. Vallotton, would be subject to a trial subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). No currently known, likely third party witnesses would be subject to a trial subpoena issued by this Court.

### 5.    Obtaining Willing Witnesses

The cost and convenience for any willing third party witnesses would generally favor Oregon. See third factor, above.

6. **Location Of The Evidence**

Similar to the location of witnesses, evidence in support of each party's claims appears to be located in Oregon—and primarily outside of the Southern District of New York. (*See* Bremer Decl. ¶¶ 3-4, 14-15.)

7. **GATCO's Choice Of Forum**

Having chosen a forum other than its home forum, GATCO's choice to litigate here in this District, where its lawyers happen to have an office, is entitled to virtually no weight. *See See S.C. Johnson & Son*, 571 F. Supp. at 1188; *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991) (granting motion to transfer and noting "any inconvenience that might enure to counsel is unpersuasive and generally not a factor to consider").

Nothing about this case implicates this District in any substantial way. That GATCO's lawyers consider this District their home does not make this District GATCO's home forum. In fact, everything about this case points to Oregon as a more appropriate forum than the Southern District of New York:

- The person named as "inventor" on GATCO's asserted '157 Patent is apparently in Oregon;

- CRKT's accused activity is centered in Oregon, its principal place of business;

- GATCO is not located in the Southern District of New York;

- CRKT's choice of forum as a patent owner asserting infringement of its '432 Patent in Oregon—its home forum—is entitled to deference.

As here, "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance." *Hernandez*, 761 F.

14

Supp. at 990.  Further, the "center of accused activity" relating to the '157 Patent asserted by

GATCO in Count I is in Oregon where CRKT, the accused infringer, is located.  *See S.C.*

*Johnson & Son*, 571 F. Supp. at 1188; *Lencco Racing*, 953 F. Supp. at 71.  Moreover, no activity

related to CRKT's '432 Patent is "centered" in this District.  CRKT's choice to assert its patent

in Oregon, CRKT's home district, *is* entitled to deference.  *See General Creation LLC v.*

*Leapfrog Enters., Inc.*, 192 F. Supp. 2d 503, 505 (W.D. Va. 2002) (so holding and noting that the

"concept of a preferred forum located at the 'center of the accused activity' . . . applies in those

patent infringement cases where the plaintiff files suit in a foreign forum").

    Finally, as are raised here in the preceding section, "significant" objections to the

propriety of venue are "also a factor warranting a transfer."  *Lencco Racing*, 953 F. Supp. at 73

("[T]wo defendants have raised significant jurisdictional and venue objections to plaintiff's

choice of forum. On their face, these objections appear to have some merit, particularly with

respect to one of the defendants. I find that this is also a factor warranting a transfer in this

case.").

### 8.    <u>Judicial Economy</u>

    If this action were transferred to Oregon, it could be consolidated with CRKT's first filed

complaint relating to the '432 Patent, thereby eliminating GATCO's later filed and duplicative

declaratory judgment action related to that patent.

### 9.    <u>Cost of Litigation</u>

    Transfer to the District of Oregon is also supported by the relative cost of litigation.

Litigating a typical patent case in this District costs far more than the national average and much

more than litigating such a case in the West, according to the AIPLA Report of the Economic

Survey 2007.  (*See* Ex. 3 hereto.)

      10.    **Interests of Justice**

GATCO's forum shopping to file in this District, which is unrelated to the disputes between the parties, should not be condoned.

For convenience, and in the interests of justice, this case should be transferred to Oregon pursuant to 28 U.S.C. § 1404(a).

**V.    THE FIRST TO FILE RULE FAVORS DISMISSING
       GATCO'S DECLARATORY JUDGMENT COUNTERCLAIM**

As discussed above, CRKT was first to file a claim related to its '432 Patent. As such, the first to file rule favors CRKT's choice of forum for its claims against GATCO. *See Genentech*, 998 F.2d at 937 (general rule favors first-filed case). The first to file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter*, 678 F.2d at 95-96. The first to file rule is well established and its applicability to patent cases has been recognized by the Supreme Court. *See Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180 (1952)

As the patent owner, that CRKT was first to file its infringement claim in its home forum is entitled to deference. *See Pacesetter*, 678 F.2d at 97 ("The district court properly recognized [the patent owner]'s interest in choosing a forum."). GATCO's First Amended Complaint as it relates to the '432 Patent is a mirror image of CRKT's earlier filed Oregon Complaint. The Oregon Complaint asserts infringement of the '432 Patent. (*See* Bremer Decl. Ex. 1.) GATCO's later filed First Amended Complaint in this Court asserts non-infringement and invalidity of that same patent. (First Am. Compl. ¶ 25-28.) The two actions indisputably involve the same parties and the same patent. Resolution of each action would require duplicate efforts by two Courts regarding identical claims. In such a case, the first to file rule applies. *See Pacesetter*, 678 F.2d

at 95-96 (affirming dismissal of second-filed declaratory judgment action asserting non-infringement, invalidity and unenforceability of the same patents-in-suit).  No exception applies to the first to file rule here.  *See Genentech*, 998 F.2d at 938 (noting that exceptions to the first to file rule include convenience and availability of witnesses, absence of jurisdiction, possibility of consolidation with related litigation, or considerations related to the real party in interest).  In fact, many of the same factors of convenience and the interests of justice discussed above in the context of a transfer pursuant to 28 U.S.C. § 1404(a) also favor dismissal of GATCO's declaratory judgment claims in this Court to allow CRKT's claim to proceed in Oregon.

## VI.   THIS COURT SHOULD NOT EXERCISE JURISDICTION OVER GATCO'S DECLARATORY JUDGMENT COUNTERCLAIM ADDED IN THE FIRST AMENDED COMPLAINT

Even notwithstanding the first to file rule, the Court should decline to exercise jurisdiction over Count II in GATCO's First Amended Complaint seeking a declaratory judgment.  *See Wilton*, 515 U.S. at 286 ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.").  As recognized by the court in *Pacesetter*, tactics like GATCO's contravene the policies of the Declaratory Judgment Act:

> The district court properly recognized Medtronic's interest in choosing a forum.  Declaratory relief is intended to serve a unique function in patent disputes . . . protecting competitors from infringement actions that are threatened but not pursued. *Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).  ***In contrast to those policies, Pacesetter's declaratory judgment . . . does not shield Pacesetter from an unfair threat of an infringement action, but attempts to remove ongoing litigation from the forum chosen by the plaintiff***.

678 F.2d at 97 (emphasis added).  The Declaratory Judgment Act was meant to provide a remedy for those threatened with litigation not brought:

> [A] patent owner engages in a *danse macabre*, brandishing a Damoclean
> threat with a sheathed sword . . . Guerrilla-like, the patent owner attempts
> extra-judicial patent enforcement with the scare-the-customer-and-run
> tactics that infect the competitive environment of the business community
> with uncertainty and insecurity . . . Before the Act, competitors victimized
> by that tactic were rendered helpless and immobile so long as the patent
> owner refused to grasp the nettle and sue.  After the Act . . . they could
> clear the air by suing for a judgment that would settle the conflict of
> interests.

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988)

(internal citations omitted).  The *first* filing of a suit asserting an affirmative claim for

relief should eviscerate any declaratory judgment jurisdiction that otherwise may have

existed.

As a matter of sound judicial policy and administration, GATCO's needlessly

multiplicative declaratory judgment claim in its First Amended Complaint should be dismissed

in favor of CRKT's first filed Oregon Complaint relating to the '432 Patent.  GATCO's claims

related to the '432 Patent should be dismissed for lack of subject matter jurisdiction or because

this Court declines to exercise subject matter jurisdiction over a declaratory judgment claim

relating to a case already pending in another Federal District.

## VII.    GATCO'S DECLARATORY JUDGMENT ALLEGATIONS AMOUNT TO AN IMPERMISSIBLE SUPPLEMENTAL PLEADING

GATCO had no right to file its "First Amended Complaint" without leave of Court.

GATCO's declaratory judgment claim added to its First Amended Complaint relates entirely to

events occurring since the April 10, 2007 filing date of the original complaint.  CRKT did not

threaten to sue on the '432 Patent before April 10, 2007.  (Bremer Decl. ¶ 12.)  Indeed, CRKT

did not even own the '432 Patent before May 15, 2007.  (*Id.* ¶ 11.)  Hence, GATCO's

declaratory judgment allegations against CRKT are a new claim arising since the filing of the

original complaint.  As a new, later-arising claim, only a Rule 15(d) supplement could be filed.

*See* Fed. R. Civ. P. 15(d); *Novak*, 724 F. Supp. at 145.  GATCO's attempted amendment as of right pursuant to Rule 15(a) is ineffective absent leave of Court.

Moreover, GATCO's declaratory judgment claim relates to the infringement and validity of CRKT's '432 Patent, which is not the same subject as the validity and infringement issues implicated by the separate and unrelated '157 Patent asserted by GATCO.  A supplemental pleading would not be appropriate under Rule 15(d) in any event because of the different, unrelated subject matter raised by GATCO's added declaratory judgment claim.  *See Quaratino*, 71 F.3d at 66.

GATCO's declaratory judgment claim in the First Amended Complaint should be dismissed as procedurally improper as it was filed without leave of Court and relates to subjects not properly raised by a supplemental pleading in any event.

## VIII.   <u>CONCLUSION</u>

For any of the foregoing reasons, taken individually or together, this case should be dismissed, or transferred in its entirety to the District of Oregon.

Dated:  October 19, 2007              KLARQUIST SPARKMAN, LLP

By  s/ Scott E. Davis
Scott E. Davis, *pro hac vice*
John D. Vandenberg, *pro hac vice*
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
503-595-5300

Louise Sommers (LS2707)
Miller Korzenik Sommers LLP
488 Madison Avenue 11th Floor
New York NY 10022-5702
212-752-9200

Attorneys for Defendant GB II CORPORATION,
dba COLUMBIA RIVER KNIFE AND TOOL CO.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 19, 2007, a true copy of the foregoing

MEMORANDUM OF DEFENDANT GB II CORP. (D/B/A COLUMBIA RIVER KNIFE AND

TOOL CO.) IN SUPPORT OF MOTION TO DISMISS, the accompanying NOTICE OF

MOTION TO DISMISS COMPLAINT, and the accompanying DECLARATION OF RODNEY

BREMER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, were served by email

and the Court's ECF system on counsel for Plaintiff:

> S. Peter Ludwig, Esq.
> James E. Hanft, Esq.
> Darby & Darby, P.C.
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY  10007-0042
> P:  212-527-7700
> F:  212-527-7701
> E:  jhanft@darbylaw.com

> s/ Scott E. Davis
> Scott E. Davis